UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

———————————————

LINDA LAUDANO,

               Plaintiff,

                            CIVIL NO. 15-7668(NLH/KMW)

v.

                            **OPINION**

CREDIT ONE BANK

               Defendant.

———————————————

**Appearances:**

AMY LYNN BENNECOFF GINSBURG
KIMMEL AND SILVERMAN P.C.
EXECUTIVE QUARTERS
1930 E. MARLTON PIKE,
SUITE Q 29
CHERRY HILL, NJ  08003
    *On behalf of Plaintiff Linda Laudano*

ROSS STEVEN ENDERS
SESSIONS FISHMAN NATHAN & ISRAEL LLC
2302 OXFORDSHIRE ROAD
FURLONG, PA 18925
    *On behalf of Defendant Credit One Bank*

**HILLMAN**, District Judge

    In this matter, Plaintiff Linda Laudano filed a complaint alleging that Credit One Bank, N.A. ("Credit One") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, using an automatic telephone dialing system and automatic or pre-recorded messages without her consent.  Defendant Credit One filed a motion to compel arbitration and to dismiss Laudano's complaint, pending arbitration of her claims against Credit One.

For the reasons set forth below, this Court will deny Credit One's motion to dismiss without prejudice and direct the parties to conduct discovery, limited in scope as to whether the parties have entered into a valid agreement to arbitrate.

## I.   JURISDICTION

District courts have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331.  In this action, our jurisdiction is founded upon the TCPA, 47 U.S.C. § 227.

## II.  BACKGROUND

Credit One filed a motion for an order to dismiss the complaint without prejudice and to compel arbitration pursuant to Federal Rules of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim upon which relief can be granted) and the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq. ("FAA").  In the alternative, if the Court determines "arbitrability is not apparent of the face of the complaint, or if plaintiff responds to the motion with additional facts sufficient to place the agreement to arbitrate in issue . . . Credit One requests the Court stay resolution of its Motion to allow limited discovery relating to arbitrability." (Docket 5-1 at 9 n.1.)  Laudano opposes Defendant's motion.

According to Laudano's complaint,[1] Credit One Bank called her cellular telephone from September 2015 through October 2015 using an automatic telephone dialing system and pre-recorded messages.  On September 30, 2015, Laudano revoked any consent previously given to Defendant to call her cell phone and demanded the calls stop.  A collector told her that a note regarding her request to cease the calls would be put into her file.  Laudano contends Credit One continued to telephone her for several weeks.  Laudano alleges that Credit One's actions violated the TCPA and she demands damages, injunctive relief, other relief and demands a jury trial.

Although it appears from Defendant's submissions that Laudano's commercial relationship with the Defendant revolves around a credit card, the complaint is notably silent as to those underlying facts.  In her complaint, Laudano neither admits nor denies receiving a solicitation from Credit One to open a credit card account, opening a Credit One account, receiving a Credit One credit card, making charges on a Credit One card, having an agreement with Credit One, or having an arbitration agreement with Credit One.

---

[1] As set forth below, this case presents the issue of what legal standard applies to Defendant's motion.  For present purposes, we will accept all facts as alleged by Plaintiff in the complaint as true as if we were deciding the motion pursuant to Fed. R. Civ. P. 12.

In support of its motion, Credit One argues that Laudano is bound by an agreement to arbitrate.  Credit One references two discrete documents with arbitration agreement language.  The first is an arbitration provision that it contends was on the back of the credit card solicitation sent to Laudano, a "sample copy" (Docket 5-1 at 2.) attached as Exhibit A-1. ("Solicitation Agreement," Exhibit A-1, Docket 5-3.)  Second, is the full arbitration agreement that it states it sent to her with the credit card. ("Disclosure Statement and Arbitration Agreement," hereinafter "Arbitration Agreement," Ex. A-2, Docket 5-4.)

Credit One submits with its motion an affidavit of the Vice President of Portfolio Services, Gary Harwood. (Harwood Aff., Ex. A, Docket 5-2.)  Harwood oversees accounts in collections. He said he has access to records maintained in the course of "regularly conducted activity of Credit One" and is "fully familiar with the manner in which they are created and maintained." (Docket 5-2 at 2.)  He asserts that Credit One mailed "Plaintiff a written solicitation for a pre-approved credit card" bearing a unique reservation number on or about November 13, 2012. (Id.)

He further avers: "In response to Plaintiff's application, Credit One issued a credit card to Plaintiff and mailed Plaintiff the card, along with a copy of the [Arbitration Agreement], which governs the account and relationship between

4

Plaintiff and Credit One." (Id. at 2.)  He further contends
that: "A true and correct copy of the [Arbitration Agreement] is
attached hereto as Exhibit A-2." (Id.)

In short, Credit One contends that the agreement to
arbitrate is found in the terms of the Solicitation Agreement
and Arbitration Agreement which it supplied to Plaintiff when
she was first solicited and later approved for a credit card.
More specifically, it notes that the back pages of the
Solicitation Agreement include terms and conditions that apply
to the "credit card offer and application and require
arbitration of claims between the parties." (Docket 5-1 at 2.)
Credit One adds that the Solicitation Agreement provides in
part, "If this application is accepted and one or more credit
cards are issued . . . I understand that once my credit card
Account is opened, it will be subject to the terms and
conditions of the [Arbitration Agreement] sent with my card[.]"
(Docket 5-1 at 2.)  Credit One says Laudano responded to the
solicitation by completing a credit card application online on
Credit One's website. (Docket 5-1 at 2.)

As for the Arbitration Agreement, Credit One contends it
issued and mailed Laudano a VISA card which "Per Credit One's
policy and ordinary business practice, [] included a copy of the
[Arbitration Agreement] . . . in the same envelope as the credit
card." (Docket 5-1 at 3.)  According to Credit One, the

Arbitration Agreement says in part: "PLEASE READ THIS PROVISION OF YOUR CARD AGREEMENT CAREFULLY.  IT PROVIDES THAT EITHER YOU OR WE CAN REQUIRE THAT ANY CONTROVERSY OR DISPUTE BE RESOLVED BY BINDING ARBITRATION.  ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO A JURY . . . ." (Docket 5-1 at 3.) Credit One says Plaintiff activated the credit card by telephone via its Interactive Voice Response system and used it for years before she stopped making payments. (Docket 5-1 at 5.)

Harwood's statement that Laudano received a copy of the Arbitration Agreement appears to be based on the assumption that Credit One followed its standard practice. (Id.)  His title, description of duties, and other information in the Affidavit could be construed as an indication that he lacks personal information related to the solicitation and opening of accounts. He says, for example, "It is Credit One's policy to include a copy of the [Arbitration Agreement] when mailing the customer her credit card." (Id.)

Importantly, Credit One admits that: "While Credit One does not retain actual copies of the solicitation it sends potential customers, a sample copy of the solicitation [including a sample confirmation and approval number] is attached hereto as Exhibit A-1." (Docket 5-1 at 2.)

**III.  STANDARD OF REVIEW**

The Third Circuit concluded, "It is well established that the Federal Arbitration Act (FAA), reflects a strong federal policy in favor of the resolution of disputes through arbitration.  But this presumption in favor of arbitration does not apply to the determination of whether there is a valid agreement to arbitrate between the parties." Kirleis v. Dickie, McCamey & Chilcote, 560 F.3d 156, 160 (3d Cir. 2009) (internal quotations and citations omitted).  The court more recently held, "When the very existence of . . . an [arbitration] agreement is disputed, a district court is correct to refuse to compel arbitration until it resolves the threshold question of whether the arbitration agreement exists." Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 775 n.5 (3d Cir. 2013).  The Third Circuit rule is clear: "Before a party can be ordered to arbitrate and thus be deprived of a day in court, there should be an express, unequivocal agreement to that effect." Par-Knit Mills v. Stockbridge Fabrics, 636 F.2d 51, 54 (3d Cir. 1980).

In Kirleis, the court said, "To determine whether the parties agreed to arbitrate, we turn to ordinary state-law principles that govern the formation of contracts." 560 F.3d at 160 (internal quotation and citation omitted).  The court held, "Because arbitration is a matter of contract, before compelling arbitration pursuant to the Federal Arbitration Act, a court

must determine that (1) a valid agreement to arbitrate exists,
and (2) the particular dispute falls within the scope of that
agreement." Kirleis, 560 F.3d at 160 (internal citation
omitted).

**A. Choice of Law**

Laudano contends and Credit One appears to concede by
silence that New Jersey law applies to this issue.  In
determining whether a valid agreement to arbitrate exists in
this matter, we apply New Jersey law including its choice of law
rules.[2]  New Jersey's choice of law rules is a two-step analysis:
"First, we must determine whether there is an actual
conflict.  If there is not an actual conflict, the inquiry is
over[.]" Lebegern v. Forman, 471 F.3d 424, 428 (3d Cir. 2006)
(internal citations and quotations omitted).  If there is an

---

[2] Credit One's affirmative defense of arbitrability derives from
the FAA.  According to the Third Circuit, "notwithstanding the
supremacy of federal law, courts repeatedly have held that in
interpreting [arbitration] agreements, federal courts may apply
state law, pursuant to section two of the FAA." Gay v.
Creditinform, 511 F.3d 369, at 388 (3d Cir. 2007) (quotations
and citation omitted).  To determine whether Laudano and Credit
One agreed to arbitrate, this Court looks to state law for the
law of contract formation.  See Kirleis v. Dickie, McCamey &
Chilcote, 560 F.3d 156, 160 (3d Cir. 2009).  Moreover, we apply
the law including the conflicts rules of the forum state even
though the jurisdiction is premised on federal law. Gay, 511
F.3d at 389 (if District Court jurisdiction in federal question
case had been based on diversity court would apply
Pennsylvania's choice-of-law principles as the court was in the
Eastern District of Pennsylvania) (citing Klaxon Co. v. Stentor
Elec. Mfg. Co., 313 U.S 487 (1941)).

actual conflict between the two states' laws, the Court determines which jurisdiction has "the most significant relationship to the parties and the event." Id.

Under New Jersey law, consumers can choose to pursue arbitration and waive their right to sue in court, but should know that they are making that choice. Atalese v. U.S. Legal Serv. Group, L.P., 99 A.3d 306, 309 (N.J. 2014).[3]  Under Nevada law, arbitration is favored by public policy because it avoids the higher costs and waiting time of litigation. D.R. Horton, Inc. v. Green, 96 P.3d 1159, 1162 (Nev. 2004).  However, arbitration provisions that are inconspicuous, one sided and

---

[3] In 2014, the Supreme Court of New Jersey said:

> Because arbitration involves a waiver of the right to pursue a case in a judicial forum, courts take particular care in assuring the knowing assent of both parties to arbitrate, and a clear mutual understanding of the ramifications of that assent.  The requirement that a contractual provision be sufficiently clear to place a consumer on notice that he or she is waiving a constitutional or statutory right is not specific to arbitration provisions.  Rather, under New Jersey law, any contractual waiver-of-rights provision must reflect that the party has agreed clearly and unambiguously to its terms.

Atalese, 99 A.3d 306, 313 (N.J. 2014) (internal quotations and citations omitted); Morgan v. Sanford Brown Inst., -- A.3d --, 2016 WL 3248016 (N.J. June 14, 2016).  In Atalese, the court found the arbitration agreement was unenforceable because the language of the agreement "did not clearly and unambiguously" inform plaintiff that she was waiving her right to pursue claims in court. 99 A.3d at 315, 316.

fail to advise one side that they are agreeing to waive
significant rights under Nevada law, might be procedurally and
substantively unconscionable, and might be invalidated under
Nevada law. Id.  As both states appear to apply similar
principles in determining whether an agreement to arbitrate in a
consumer context has been reached, no conflict exists and we
will apply New Jersey law.

**B. Rule 12(b)(1) Standard**

A motion to dismiss pursuant to Federal Rule of Civil
Procedure 12(b)(1) challenges the existence of a federal court's
subject matter jurisdiction.  In this Circuit, courts generally,
but not uniformly, [4] have accepted and embraced Rule 12(b)(1) as
a proper vehicle for deciding whether to dismiss a suit by

---

[4] In Holdbrook, this Court noted courts have been inconsistent in
entertaining the use of Rule 12(b)(1) to move to compel
arbitration. Holdbrook Pediatric Dental, LLC v. Pro Computer
Service, LLC, 2015 WL 4476017 at *2 (D.N.J. July 21, 2015).  We
quoted Masoner which stated "Rule 12(b)(1) . . . is not the
correct rule of law under which to assert a contract-based
defense requiring arbitration." See Masoner v. Educ. Mgmt.
Corp., 18 F. Supp. 3d 652, 656 (W.D. Pa. 2014).  Although our
Court of Appeals has suggested in an unpublished decision that
Rule 12(b)(1) is not the proper vehicle because a motion to
compel arbitration raises a defense to the merits and not
jurisdiction, see Liberty Mut. Fire Ins. Co. v. Yoder, 112 F.
App'x 826, 828 (3d. Cir. 2004) (unpublished), absent clear and
binding precedent from our Circuit we have, and will allow such
motion, especially in those cases, as here, where it is coupled
with a motion under Rule 12(b)(6). Cf., Thompson v. Nienaber,
239 F. Supp. 2d 478 (D.N.J. 2002) (noting district courts should
be flexible in applying procedural rules to motions to compel
arbitration).

virtue of an arbitration agreement between the parties. <u>See</u>,
<u>e.g.</u>, <u>Wells v. Merit Life Ins. Co.</u>, 671 F. Supp. 2d 570, 573 (D.
Del. 2009) (stating that "[a] motion to dismiss on the basis
that the dispute must be arbitrated is a factual challenge" to a
court's subject matter jurisdiction); <u>Thompson v. Nienaber</u>, 239
F. Supp. 2d 478, 483 (D.N.J. 2002) (approving Rule 12(b)(1)
motion to join issue of arbitrability).

"When considering a motion to dismiss for lack of subject
matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the court
must accept as true all material allegations of the complaint
and construe that complaint in favor of the non-moving
party." <u>Nienaber</u>, 239 F. Supp. 2d at 481.  The court should
focus upon the issue of whether it has jurisdiction to bar the
claim and grant relief. <u>Id.</u>

C. <u>Rule 12(b)(6) Standard</u>

To survive dismissal for failure to state a claim upon
which relief may be granted under Federal Rule of Civil
Procedure Rule 12(b)(6), "a complaint must contain sufficient
factual matter, accepted as true, to state a claim for relief
that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662,
678 (2009) (internal citation and quotation omitted).  The court
must accept all well-pleaded allegations in the claim as true
and view them in the light most favorable to the claimant.

Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005). A
complaint must have "a short and plain statement of the claim
showing that the pleader is entitled to relief." Fed. R. Civ. P.
8(a)(2). "Although the Federal Rules of Civil Procedure do not
require a claimant to set forth an intricately detailed
description of the asserted basis for relief, they do require
that the pleadings give defendant fair notice of what the
plaintiff's claim is and the grounds upon which it
rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-
50 n.3 (1984) (quotation and citation omitted). A district
court, in weighing a motion to dismiss, asks "not whether a
plaintiff will ultimately prevail but whether the claimant is
entitled to offer evidence to support the claims." Bell
Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007).

**IV. ANALYSIS**

Although styled as a Rule 12(b)(6) motion, we are unable,
in the circumstances of the case, to dismiss on that basis.[5] We
turn for guidance to the Third Circuit's decision in Guidotti:

---

[5] As we have noted, there is a strong federal policy in favor of
using arbitration to resolve disputes as set forth in the FAA.
Kirleis, 560 F.3d at 160. This does not mean, as Defendant
suggests, that this Court presently lacks subject matter
jurisdiction. The Court retains jurisdiction to determine the
threshold question of whether there is a valid arbitration
agreement between the parties. The FAA provides, "upon being
satisfied that the making of the agreement for arbitration or
the failure to comply therewith is not in issue, the court shall
make an order directing the parties to proceed to arbitration."

> [A] Rule 12(b)(6) standard is inappropriate when
> either the motion to compel arbitration does not have
> as its predicate a complaint with the requisite
> clarity to establish on its face that the parties
> agreed to arbitrate, or the opposing party has come
> forth with reliable evidence that is more than a naked
> assertion . . . that it did not intend to be bound by
> the arbitration agreement, even though on the face of
> the pleadings it appears that it did. Under the first
> scenario, arbitrability not being apparent on the face
> of the complaint, the motion to compel arbitration
> must be denied pending further development of the
> actual record.  The second scenario will come into
> play when the complaint and incorporated documents
> facially establish arbitrability but the non-movant
> has come forward with enough evidence in response to
> the motion to compel arbitration to place the question
> in issue.  At that point, the Rule 12(b)(6) standard
> is no longer appropriate, and the issue should be
> judged under the Rule 56 standard.

Guidotti 716 F. 3d at 774 (internal quotations and citations

omitted).  In Guidotti, the non-movant came forward with enough

evidence showing she had not intended to be bound by an

arbitration agreement and therefore she fell within the second

scenario.  In this motion, Laudano's complaint is not only

---

9 U.S.C. § 4.  Thus, this Court retains jurisdiction until it
decides the making of the agreement is not in issue.  As the
Third Circuit said, "This presumption in favor of arbitration
does not apply to the determination of whether there is a valid
agreement to arbitrate between the parties." Kirleis, 560 F.3d
at 160.  Therefore, to the extent Defendant's motion pursuant to
Fed. R. Civ. P. 12(b)(1) is premised on an argument this Court
lacks jurisdiction to determine whether the parties entered into
an agreement to arbitrate the motion will be denied.  To the
extent it merely provides an alternative basis to argue the
matter should be dismissed because of such an agreement to
arbitrate exists, the motion is denied as moot in light of our
decision to allow limited discovery. Guidotti v. Legal Helpers
Debt Resolution, L.L.C., 716 F.3d 764 (3d Cir. 2013).

silent as to an agreement to arbitrate, but also does not mention a credit card agreement at all.  Arbitrability is not apparent on the face of the complaint.  Her complaint falls within the first scenario.  Pursuant to Guidotti, the parties must be given the opportunity to conduct discovery on the limited issue of the validity of the arbitration agreement.

In determining that Guidotti resolves the pending motion, we need not address Laudano's arguments challenging the Harwood affidavit such as her argument that Harwood lacks personal knowledge of the relevant facts, that the agreements are unsigned, that Defendant has only produced "samples" of the alleged agreements, and that Laudano never assented to such terms either by word or conduct.[6]  The resolution of such matters will await limited discovery and a properly supported motion for summary judgment.

---

[6] Credit One relies upon Bibb which states, "It has long been recognized in New Jersey that in the context of traditional credit cards, the cardholder's decision to use the card provides the requisite assent to the terms of the offer extended by the card's issuance, such that a contract is formed." MBNA Am. Bank, N.A. v. Bibb, 2009 WL 1750220, at *3 (N.J. Super. Ct. App. Div. 2009) (citing Novack v. Cities Serv. Oil Co., 149 N.J. Super. 542, 548 (Law Div. 1977) and City Stores Co. v. Henderson, 156 S.E.2d 818, 823 (App. Ct. 1967)).  We do not view Bibb as controlling on the record now before us as we construe Bibb as holding that use can constitute acceptance where the terms are conveyed and known, and therefore accepted, at the time of use.  In any event, Defendant may reassert Bibb and any other relevant precedent in the context of any future motion of summary judgment.

For now, we simply apply the principle articulated in
Guidotti that, "[t]he district court, when considering a motion
to compel arbitration which is opposed on the ground that no
agreement to arbitrate had been made between the parties, should
give to the opposing party the benefit of all reasonable doubts
and inferences that may arise." Par-Knit Mills, 636 F.2d at 54.
Therefore, we grant to Laudano, as the non-moving party, the
benefit of all reasonable doubts and inferences.  Credit One
must show in a procedurally correct manner, after a limited
discovery on the issue, that a valid agreement to arbitrate
exists between the parties.[7]

**V. CONCLUSION**

For the reasons set forth above, Credit One's motion to
dismiss the complaint and compel arbitration will be denied as
well as its alternate motion to stay.  The parties will be
ordered to conduct discovery, limited in scope, on the issue of
whether the parties have entered into a valid agreement to
arbitrate.  Following the discovery, this Court will consider

---

[7] We reject Credit One's argument, relying on Quilloin, 673 F.3d
221 (3d Cir. 2012), that where a valid delegation clause exists,
questions of arbitrability must go to the arbitrator, not the
court.  In Quilloin, in contrast to this case, the non-movant
admitted in a supplemental submission to signing a form
acknowledging receipt of a brochure that described the
arbitration agreement. Id. at 225.  Thus, Quilloin did not deal
with the threshold question here of whether the parties ever
formed an agreement to arbitrate.

any procedurally appropriate motions consistent with <u>Guidotti</u>.[8]

An appropriate Order accompanies this Opinion.

Dated: June 22, 2016
At Camden, New Jersey

                                        __s/ Noel L. Hillman_____
                                        Noel L. Hillman, U.S.D.J.

---

[8] Laudano argues that any agreement to arbitrate is unconscionable and therefore unenforceable.  As the issue of arbitrability has not been resolved, the Court need not consider that issue at this time.